ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 24-CR-00188-001 JST |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| NICHOLAS FERLATTE, | |
| Defendant. | |

**I.  INTRODUCTION**

The defendant, Nicholas Ferlatte, shared, downloaded, and possessed several images of child sex abuse materials ("CSAM").  Law enforcement investigated several chatrooms exchanging CSAM and discovered the defendant.  Based on the information recovered from multiple chatrooms, law enforcement obtained warrants and conducted searches of the defendant's home and devices.

On March 26, 2024, the Government filed an information charging the defendant with one count of Possession of Child Pornography pursuant to 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).  On May 17, 2024, the defendant pled guilty to the sole count of the information pursuant to a plea agreement with the Government.  This case is set for sentencing on August 23, 2024, before the Honorable United States District Judge Jon S. Tigar.

Based on the nature of the offense in this case, the defendant's lack of criminal history, the defendant's expeditious acceptance responsibility, and the agreed upon plea agreement, the Government believes that a sentence of 30 months in custody, the low end of the guidelines, followed by three years of supervised release is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a)(2).

## II.     OFFENSE AND RELATED CONDUCT

FBI Albany arrested a target for CP related offenses, and during that arrest discovered several chatrooms with users exchanging CSAM. One of the users, later identified as the defendant, was trading over 30 CSAM media files in one day. FBI Albany ascertained where the defendant was distributing CSAM from and referred the matter to FBI in the Northern District of California. From February through May, the defendant continued distributing CSAM materials in several online chats. In the various chatrooms dedicated to CSAM, the defendant bragged about engaging in sex tourism.  Later, FBI reviewed the defendant's travel history and observed that the defendant made approximately 17 foreign trips, including Mexico, Europe and Asia.  Twelve of the 17 trips were without his wife and son.

On December 13, 2023, the FBI executed a search warrant on the defendant's residence and devices.  Upon review of those devices, FBI observed that the defendant was in multiple online applications that depicted CSAM.  Overall, the defendant had approximately 78 images and videos of CSAM.  After the search of his residence, FBI interviewed the defendant regarding his accounts in CSAM.  The defendant took full ownership of the CSAM and admitted the accounts and devices were his.

## III.    CRIMINAL HISTORY

At the time of conduct, the defendant was approximately 56 years old.  The defendant has no previous convictions.

## IV.    SENTENCING GUIDELINES CALCULATIONS

The Government agrees with the United States Probation Department's Sentencing Guidelines calculation.  PSR at ¶¶ 20-33 (Base Offense Level 18, Specific Offense Characteristics +12, - 3 points for acceptance of responsibility, and no Criminal History Points).[1] This offense level and criminal

---

[1] The Government agrees with Probation's calculations, but honors to the calculations in the plea

history yields for a guidelines range of 70 and 87 months.

## V.   APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct;

    (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

    (5)    the need to provide restitution to any victims of the offense.

## VI.   RECOMMENDATION

Based upon a consideration of the Sentencing Guidelines, the factors set forth in 18 U.S.C. § 3553(a), and the defendant's complete and prompt acceptance of guilt, the Government respectfully requests a sentence of 30 months of imprisonment followed by three years of supervised release.  Such a sentence would be sufficient, but not greater than necessary, based on the nature of the offense and the history and characteristics of the defendant.

The defendant's conduct was not violent, but it was harmful and inappropriate.  The defendant

---

agreement.

not only possessed CSAM, but he engaged in sharing it with other users on online platforms. This not only hurts the victims' portrayed in the images in one instance but continually perpetrates that damage on a broader scale. Further, while the conduct is significant, the defendant has a no criminal history. Because he has no criminal history, a sentence higher than 30 months is not warranted. Thirty months would be the longest sentence the defendant has received and provides adequate deterrence for any future criminal activity.

As soon as the FBI interviewed the defendant, he came clean about his conduct and made every effort to accept responsibility. This warrants a significant variance from the guidelines and a sentence that reflects that willingness.

Given the severity of the conduct balanced with the defendant's lack of criminal history and immediate acceptance of guilt, the Government submits that a sentence of 30 months, which is below the advisory sentencing range, adequately addresses the seriousness of the crime, the circumstances of the offense, and serves adequate deterrence of future similar conduct while taking into account the history and characteristics of the defendant.

**VII.   CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 30 months of imprisonment, followed by a 36-month term of supervised release.

DATED:  August 19, 2024                                   Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

  /s/ *Alexis James*
ALEXIS JAMES
Assistant United States Attorney